IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| PASCHAL PAUL BROTHERS, and <br> SHARON J. STARGELL <br> BROTHERS, <br><br> Plaintiffs, <br><br> v. <br><br> ANDY SAAG, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No.: 4:13-CV-466-VEH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

This is a civil action file by the *pro se* plaintiffs, Paschal Paul Brothers and Sharon J. Stargell Brothers, against the defendant, Andy Saag. (Doc. 1 at 1). The complaint alleges that the defendant violated the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.* in his dealings with the plaintiffs. The case comes before the court on the defendant's Motion to Dismiss, or in the Alternative Motion for Summary Judgment (doc. 7), and the plaintiffs' Petition Requesting Summary Judgment (doc. 9). For the reasons stated herein the petition will be **STRICKEN**, and the motion to dismiss will be **GRANTED, with leave to amend in part**.

## I.     THE PLAINTIFF'S PETITION REQUESTING SUMMARY JUDGMENT (DOC. 9).

The plaintiffs' "petition" requesting summary judgment (doc. 9) appears for the most part to be an exact copy of their "answer" (doc. 8) in response to the defendant's motion to dismiss, or in the alternative for summary judgment.  Paragraphs 60 and 61 of the answer to the motion to dismiss, which fall under the heading "Conclusion," have been replaced in the petition with paragraphs 60 through 76.  These new paragraphs refer to portions of the affidavit of William McCaffrey as "new evidence," and request summary judgment on behalf of the plaintiffs.  (Doc. 9 at ¶¶ 60-76). Given the early stage of discovery, such a motion is premature.

Further, the plaintiffs' submission does not comply with this court's requirements for summary judgment briefs.  (Doc. 4 at 10, 15-26). Some of its deficiencies include: incorrect font size (see doc. 4 at 10, 15); the lack of a brief "containing, in separately identified sections . . . a statement of allegedly undisputed relevant material facts and . . .  a discussion of relevant legal authorities" (see doc. 4 at 15); the failure to include a  table of contents (see doc. 4 at 15); and the failure to state the facts as required by the court (see doc. 4 at 16-17).  "*[P]ro se* litigants are required to comply with the district court's procedural rules and may be subjected to sanctions for failing to do so."  *Maus v. Ennis*, 513 F. App'x 872, 879 (11th Cir.

2013) (*citing Moton v. Cowart*, 631 F.3d 1337, 1341 n. 2 (11th Cir. 2011) ("While we must construe the pleadings of *pro se* defendants liberally, we nevertheless have required them to conform to procedural rules.") (internal quotations omitted).[1] In its scheduling order, the court "reserves the right *sua sponte* to STRIKE any statements of fact or responsive statements that fail to comply with these requirements." (Doc. 4 at 19) (emphasis in original).

Finally, the plaintiffs cannot be entitled to summary judgment if the defendant's motion to dismiss is due to be granted. Accordingly, that motion should be considered first.

For all of these reasons, the plaintiffs' petition is **STRICKEN**, without prejudice to re-file, at a later date, in a manner that complies with this court's orders.

## II.     THE DEFENDANT'S MOTION TO DISMISS.

### A.     Standard.

#### 1.     *The General Standard for Rule 12(b)(6) Motions.*

The defendant moves to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "[A] court should only grant a motion to dismiss [under Rule 12(b)(6)] where the defendant demonstrates that the plaintiff cannot

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

prove any set of facts in support of his claim which would entitle him to relief." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). "Moreover, when ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts [and reasonable inferences drawn from those facts] as true." *Id.* (emphasis added). A court looks to the facts alleged in the plaintiff's complaint, and not its merely conclusory statements, when ruling on a motion to dismiss. Thus, to survive a motion to dismiss for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

    **2.** ***The Exhibits Attached to the Motion Do Not Convert It to a Motion for Summary Judgment.***

  The defendant attaches exhibits to his motion. "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the

court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also, Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) ("The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."). However,

> the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, "undisputed" means that the authenticity of the document is not challenged. *Id.* Our prior decisions also make clear that a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement[.]

*Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Attached to the motion are three letters sent by the defendant to the plaintiff which are referenced in, and attached to, the complaint. (Docs. 7-1 at 2, 7-1 at 10, 7-1 at 15; docs. 1-1, 1-2, and 1-3). These letters are the basis for some of the plaintiffs' claims and therefore are central to those claims. No party disputes the authenticity of these documents. They may be considered without converting the motion.

Also attached to the motion is an undated "Notice of Impending Injury from Andy Sagg and Notice of Liability." (Doc. 7-1 at 4-8). While not attached as an exhibit to the complaint, this notice is discussed in the complaint at paragraphs 12 and 37. (Doc. 1 at 2, 5). This document too forms the basis for some of the plaintiffs'

claims and therefore is central to those claims. No party disputes the authenticity of this document. It may be considered without converting the motion.

Finally, the motion attaches a February 1, 2013, letter from Bank of America, which the movant admits is from a non-party. It is provided "for the illustrative purpose of showing this Court that if, for argument's sake, [Bank of America] were considered a debt collector for purposes of the FDCPA, [Bank of America] complied with the procedures required by the FDCPA." (Doc. 7 at 3, n. 4) (citing doc. 7-1 at 4). Even though this document is not from the defendant, it is central to the plaintiffs' claims, because it purports to show that, upon request of the plaintiffs under the FDCPA, the debt was verified. No party disputes the document. It may be considered without converting the motion.

### B.   Allegations in the Complaint.

On January 24, 2013, the defendant sent the plaintiffs document 1-1, which on its face appears to be a letter from Saag. The full text of that document reads:

> RE:   NOTICE OF ACCELERATION OF PROMISSORY NOTE AND MORTGAGE
>
> YOU ARE HEREBY NOTIFIED that the terms of the Promissory Note and Mortgage for the above referenced loan dated the 20th day of December, 2004, are in default. By virtue of default in the terms of said Note and Mortgage, Bank of America, N.A., hereby accelerates to maturity the entire remaining unpaid balance of the debt, including attorney's fees, accrued interest, and other lawful charges. The amount

due and payable as of the date of this letter is **$43,533.46**. This payoff amount will change on a daily basis. If you wish to pay off your mortgage, please call our office at (205) 930-5200 to obtain an updated figure. Additionally, if you are interested in foreclosure alternatives, please contact your servicer, Bank of America at 1-800-699-6650.

We are at this time commencing foreclosure under the terms of the Mortgage, and enclosed is a copy of the foreclosure notice. Please note that the foreclosure sale is scheduled for February 28, 2013. For further information regarding this matter, please call (205) 930-5200.

If you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt. Our client has a security interest in the property and will only exercise its rights as against the property.

We will assume this debt to be valid unless it is disputed within thirty days after you receive this letter. If you do dispute this debt or any portion thereof, we will obtain and mail you a verification of the debt or a copy of any judgment if you send us a written request within this thirty-day period. Also, upon written request within this thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor. This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

(Doc. 1-1 at 1) (emphasis in original). The complaint alleges that the letter violated 15 U.S.C. § 1692g by "overshadowing" the plaintiffs' "right to dispute the debt or request the name and address of the original creditor." (Doc. 1 at 2). The plaintiffs also contend that the defendant unlawfully began a foreclosure action against the plaintiffs "without allowing [them] time to respond [to the] dispute." (Doc. 1 at 2).

Upon receipt of the defendant's letter, the plaintiffs mailed an undated "Notice of Impending Injury From Andy Sagg Notice of Liability" to the defendant. (Docs. 1 at 2, 7-1 at 4-8). In that notice, the plaintiffs requested verification of the debt owed. (Doc. 1 at 2). In a January 31, 2013, letter responding to the plaintiffs, the defendant wrote:

> Re: Property Address: 370 Gamble Road, Horton, AL 35980
> Our Client: Bank of America, N.A.
> Loan Number: 83658532
>
> This letter is to acknowledge receipt of your letter received in my office on January 29, 2013, disputing the above-referenced debt. I have forwarded a copy of your letter to Bank of America for its review. Please note that we have ceased foreclosure proceedings until written debt verification is provided to you.
>
> Please do not hesitate to contact my office at (205) 930-5200 should you have any questions.
>
> This communication is from a debt collector.

(Doc. 1-2). The plaintiffs allege that this letter "failed to notice the Brothers [sic] of their rights under FDCPA." (Doc. 1 at 2).

On February 1, 2013, Bank of America wrote a letter to the plaintiffs which first referenced the plaintiffs' previous letter to the defendant, and then stated:

> **Request for Verification of Debt**
>
> To the extent the Letter can be construed as a request for verification of the debt, please be advised that the debt is evidenced by a the [sic] *Note*

> dated December 20, 2004, in the principal sum of $47,500.00, executed by you in the favor of Countrywide Home Loans, Inc. The *Note* was secured by a *Mortgage* dated the same date. Please refer to the enclosed documents for additional information.

(Doc. 7-1 at 12) (emphasis in original). On February 25, 2013, the defendant wrote the plaintiffs stating:

> The terms of the Promissory Note and Mortgage loan with Bank of America, N.A. are currently in default. Due to the default in the terms of the Note and Mortgage, we have been instructed to foreclose the property described in the enclosed revised publication notice.
>
> The foreclosure sale is scheduled for March 28, 2013. If you are interested in foreclosure alternatives, please contact your servicer, Bank of America at 1-800-669-6650.
>
> For further information regarding this matter, please contact our office at (205) 930-5200.
>
> If you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt. Our client has a security interest in the property and will only exercise its rights as against the property.
>
> This communication is from a debt collector.

(Doc. 1-3). The complaint mentions this letter and then alleges that the defendant "failed to validate the purported debt and failed to cease collection attempts until validation was properly received." (Doc. 1 at 3). It is unclear whether this last sentence is referring to the February 25, 2013, letter. The complaint <u>does</u> allege that the letter of February 25, 2013, "again failed to notice the Brothers [sic] of their rights

9

under the FDCPA." (Doc. 1 at 3).

Next, the complaint states that the defendant "falsely represented to the Brothers [sic] that his client had standing to foreclose therefore using false and misleading practices in an attempt to collect a purported debt." (Doc. 1 at 3). The complaint alleges that the defendant "commenced this same action in 2012," that the plaintiffs "were forced through this same harassment last year and proper validation was not presented at that point in time either," and the defendant "in the 2012 action ceased collection attempts and vacated the action." (Doc. 1 at 3).

### III.   ANALYSIS.

While the complaint contains separate "counts," some counts contain many different and inconsistent claims. Accordingly, the court will analyze the separate claims in the complaint without reference to the counts.

####   A.   Is the Defendant a "Debt Collector?"

"The FDCPA limits its consumer protections to only those acts done by 'debt collectors' as defined by the FDCPA." *Janke v. Wells Fargo & Co.*, 805 F. Supp. 2d 1278, 1281 (M.D. Ala. 2011) (citing 15 U.S.C. § 1692, *et seq.*). The defendant alleges that he cannot be liable under the FDCPA because he is not a "debt collector." (Doc. 7 at 5, 10). In making that argument he states:

In the instant case, Mr. Saag has been sued in his individual capacity –

> not in his role as an employee of Sirote, and not in his role as an attorney for BANA. As such, he is not a debt collector as that term is defined in 15 U.S.C. § 1692a(6).

(Doc. 7 at 5). The defendant cites no authority for this proposition. Indeed, other than to reference it in passing, the defendant does not <u>discuss</u> the statute at all.

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6). The complaint alleges that the defendant is "a third party debt collector." (Doc. 1 at 1). In two of the letters which form the basis of the plaintiffs' claims, and which the defendant cites to the court, the defendant identifies himself as "a debt collector." (Docs. 1-2, 1-3, 7-1 at 10, 7-1 at 15). As pled, it is at least "plausible" that the defendant is a debt collector.[2]

### B. <u>Overshadowing.</u>

In several places, the complaint attempts to make a claim for "overshadowing." (Doc. 1 at ¶¶ 10, 11, 29-35). The defendant states, again without citation to authority,

---

[2] The defendant also argues that even if he had been sued "as a foreclosure attorney for [Bank of America], [Bank of America] is not a debt collector under the FDCPA." (Doc. 7 at 5). Since the complaint sufficiently pleads that Saag is a "debt collector," the court need not consider this argument.

that "[o]vershadowing is not a recognizable cause of action under Federal law or Alabama law and is, therefore, due to be dismissed."[3]  (Doc. 7 at 10).

To understand "overshadowing," one must understand the FDCPA's validation notice requirements.  The FDCPA statute provides, in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> **(1)** the amount of the debt;
>
> **(2)** the name of the creditor to whom the debt is owed;
>
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28 U.S.C. § 1692g(a) (emphasis in original).  "Paragraphs 3 through 5 of section

---

[3]The defendant does not argue that <u>there was no overshadowing,</u> just that no such claim is legally cognizable.

1692g(a) contain the validation notice—the statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353-54 (3d Cir. 2000). Collection activities and communications may continue during the 30-day period referenced above, but such activities "may not <u>overshadow</u> or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b) (emphasis added).

The Eleventh Circuit Court of Appeals has not addressed whether "overshadowing" is a separate cause of action. Indeed, the court has found <u>no</u> case addressing the issue. That is probably because, when overshadowing occurs, it is either a separate violation of section 1692g(b), or it is one way to <u>demonstrate</u> a violation of section 1692g(a). *See, Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) (discussing overshadowing in the context of determining whether § 1692g has been violated); *Wilson v. Quadramed Corp.*, 225 F.3d 350, 355 (3d Cir. 2000) (same); *Gaalswyk-Knetzke v. Receivable Mgmt. Servs. Corp.*, 8:08-CV-493-T-26TGW, 2008 WL 2224833 (M.D. Fla. May 27, 2008); *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 323 F. Supp. 2d 1344, 1349 (N.D. Ga. 2003) *aff'd*, 374 F.3d 1011 (11th Cir. 2004) ("Courts in the Eleventh Circuit use the 'least sophisticated consumer' standard when analyzing overshadowing claims.").

It is a distinction without a difference as, either way, the statute is clear that overshadowing is not allowed. The same damages for a successful claim will be awarded either way. Accordingly, the court will treat the overshadowing allegations as a separate claim.[4]

### C. The Failure to Include the Validation Notice Requirements in the January 31, 2013, Letter.

The complaint alleges that the defendant failed, in his January 31, 2013, letter, to provide the validation notice required in 28 U.S.C. § 1692g(a). (Doc. 1 at ¶¶ 14). This appears to be a separate claim from the claim that the validation notice was "overshadowed." As stated above, the law requires that the validation notice be given "[w]ithin five days after the initial communication with a consumer . . . unless the . . . information is contained in the initial communication." 28 U.S.C. § 1692g(a). The complaint attaches and references the initial communication, the letter of January 24, 2013. (Doc. 1-1). All of the information required by the statute was in that first letter. Thus, any claim that the January 31, 2013, letter violated 28 U.S.C. § 1692g(a) is due to be dismissed.

### D. The Failure to Validate the Debt.

---

[4]Since the court determines that the overshadowing claims survive, the defendant's argument that this court lacks subject matter jurisdiction because "overshadowing" is not a valid cause of action (doc. 7 at 11) is rejected.

The complaint alleges that the defendant "failed to validate the purported debt." (Doc. 1 at ¶¶ 16, 24, 38). It also alleges that the defendant did not respond with "proper" validation. (Doc. 1 at ¶ 38). On April 8, 2013, Bank of America provided validation of the debt. (Doc. 7-1 at 12-13). The allegation that this validation was somehow not "proper" is vague. It is unsupported by facts. Such "conclusory statements [] do not suffice." *Iqbal*, 556 U.S. at 678. Any claims that the debt was not validated are due to be dismissed.

### E.     Failure to Cease Collection Attempts After Debt Was Disputed.

The plaintiffs allege that the defendant "failed to cease collection attempts until validation was properly received." (Doc. 1 at ¶¶ 16, 39). The Act provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C.A. § 1692g(b). The record reflects no collection attempts between the time the plaintiffs requested verification and Bank of America's letter. Indeed, in the defendant's letter of January 31, 2013, he was clear that "we have ceased foreclosure proceedings until written debt verification is provided to you." (Doc. 1-2). The next

15

communication from the defendant was February 25, 2013 (docs. 1 at ¶15; 1-3 at 1), twenty-four days after the date the verification was provided by Bank of America. This claim is due to be dismissed.[5]

### F. **False and Misleading Representation.**

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.A. § 1692e. The complaint alleges that once before, "[o]n or around January 2012," the defendant initiated this foreclosure. (Doc. 1 at 3). The plaintiffs state that they notified the defendant that they disputed the debt, the defendant failed to verify the debt, and that the defendant stopped attempting to collect the debt. (Doc. 1 at 3). The plaintiffs allege that beginning foreclosure proceedings again, now, when the defendant did not validate the debt before, constitutes a violation of the Act's prohibition against false and misleading representation.[6] (Doc. 1 at 3-4). However, these allegations identify no false representations. Any false or misleading representation claim based on this conduct is due to be dismissed.

Still, even though not contained in the count itself, the complaint alleges

---

[5] To the extent that the plaintiffs allege that the defendant could not continue with foreclosure proceedings <u>before</u> he was notified of their dispute, or after verification was provided, that claim fails. *See*, 15 U.S.C. § 1692g(b).

[6]These allegations appear in the count entitled "Harassment."

16

elsewhere that the defendant "falsely represented to the [plaintiffs] that his client had standing to foreclose therefore using false and misleading practices in an attempt to collect a purported debt." (Doc. 1 at 3). Such actions might fall under 15 U.S.C. § 1692e which specifically prohibits "[t]he threat to take any action that cannot legally be taken," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(5), (10). However, the plaintiffs provide no factual support in their complaint for why the defendant could not legally foreclose.[7] Any claim based on this conduct is due to be dismissed. However, the court will allow the plaintiffs to amend their complaint to state, if they can, facts which support this claim.

The Act also provides that the following is a "false, deceptive, or misleading representation:"

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11). In a footnote, when discussing the January 31, 2013, letter,

---

[7]Indeed, the record indicates that he and Bank of America were in possession of a valid note and mortgage which was in default. (Doc. 7-1 at 12-13).

the plaintiffs cite to this section. As the January 31, 2013, letter was not the "initial communication," the defendant did not have to state that he "is attempting to collect a debt and that any information obtained will be used for that purpose." The Act did require him to include a statement that it was from a "debt collector," and he did so. Any false, deceptive, or misleading representation claim based upon this letter is also due to be dismissed.

### G. Unfair Practices.

The Act provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . **(6)** Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if– **(A)** there is no present right to possession of the property claimed as collateral through an enforceable security interest; **(B)** there is no present intention to take possession of the property; or **(C)** the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6) (emphasis in original). The complaint alleges a violation of this section by the defendant by threatening foreclosure when the defendant had no standing to do so. (Doc. 1 ¶¶ 41-43). Again, however, no facts are alleged which support such a claim. Any claim based upon this portion of the Act will be dismissed with leave to amend.

> H.  **The Failure To Include the Validation Notice Requirements in the February 25, 2013, Letter.**

The complaint alleges that the defendant, in his February 25, 2013, letter, failed to provide the validation notice required in 28 U.S.C. § 1692g(a). (Doc. 1 at ¶ 17). As shown above, all of the information required by the statute was in the defendant's first communication with the plaintiffs on January 24, 2013. Any claim that the February 25, 2013, letter violated 28 U.S.C. § 1692g(a) is therefore due to be dismissed.

> I.  **Mental Aggravation and Physical Aggravation.**

The complaint sets out counts for mental and physical aggravation. These are not claims, but instead are damages. They will be dismissed.

## IV. CONCLUSION.

Based upon the foregoing, it is **ORDERED, ADJUDGED**, and **DECREED** that the motion to dismiss is **DENIED** to the extent that it attacks the plaintiffs' overshadowing claims. It is **GRANTED** in all other respects.

As noted herein, the False and Misleading Representation claims and Unfair Practices claims which are based upon communications regarding the foreclosure are **DISMISSED, without prejudice**. The plaintiffs may file an amended complaint within 30 days which realleges these claims, and includes all facts which support

these claims **ONLY**.  **IF, IN THE AMENDED COMPLAINT, ANY NEW CLAIMS OR FACTS WHICH DO NOT RELATE TO THESE CLAIMS ARE INCLUDED, THEY WILL BE SUMMARILY DISMISSED OR STRICKEN.**

All other claims are **DISMISSED, with prejudice**.

**DONE** and **ORDERED** this 23rd day of August, 2013.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge