FILED

2014 Mar-04  PM 01:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **PASCHAL PAUL BROTHERS, and** | ) | |
| **SHARON J. STARGELL** | ) | |
| **BROTHERS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No.: 4:13-CV-466-VEH** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ANDY SAAG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This is a civil action file by the *pro se* plaintiffs, Paschal Paul Brothers and

Sharon J. Stargell Brothers, against the defendant, Andy Saag.  (Doc. 1 at 1).  The

case comes before the court on the following motions:

– the defendant's "Motion to Dismiss Plaintiffs' Amended
Complaint and to Strike the Affidavit of William McCaffrey"
(doc. 13);

– the plaintiffs' petition to "Quash the Motion to Strike the
Affidavit of William McCaffrey" (doc. 16 at 8-10);

– the plaintiffs' petition to strike Exhibit F attached to the
defendant's motion to dismiss  (doc. 16 at 10-13);

– the plaintiffs' "Petition for Judicial Notice of Undisputed Facts and Plaintiff[s'] Petition to Strike the Defendant's Latest Reply Brief and the Attached Exhibits A, B, C, and D" (doc. 18); and

– the plaintiffs' "Petition to Strike the Defendant's Latest Pleading Entitled 'Notice of Additional Service of Exhibits to Defendant's Reply to Plaintiff[s'] Response to Defendant's Motion to Dismiss and Response to the Plaintiff[s'] Petition to Strike'" (doc. 21).

## I.    PROCEDURAL HISTORY

The original complaint was filed by the plaintiffs on March 8, 2013. (Doc. 1). It alleged that the defendant violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* in his communications with the plaintiffs. While the complaint contained separate "counts," some counts contained many different and inconsistent claims for violation of the FDCPA including: overshadowing; failure to include validation notice requirements in letters to the plaintiffs;  the failure to validate the debt owed; the failure to cease collection attempts after the debt was disputed; false and misleading representation; unfair practices; and mental and physical aggravation.

On April 8, 2013, Saag filed a Motion to Dismiss, or in the Alternative for Summary Judgment.  (Doc. 7).  On May 20, 2013, the plaintiffs filed their own

2

Motion for Summary Judgment. (Doc. 9). On August 23, 2013, the court entered a memorandum opinion and order which struck the plaintiffs' motion for summary judgment. (Doc. 11 at 3). In that same opinion, the court treated the defendant's motion as a motion to dismiss only, denied the motion "to the extent that it attacks the plaintiffs' overshadowing claims," and granted the motion in all other respects. (Doc. 11 at 19). The court allowed the plaintiffs 30 days to amend their complaint to reallege "the False and Misleading Representation claims and Unfair Practices claims which are based upon communications regarding the foreclosure." (Doc. 11 at 19-20).

On September 23, 2013, the plaintiffs filed their amended complaint. (Doc. 12). The Amended Complaint alleges overshadowing (Count One), false and misleading misrepresentations "in violation of 15 U.S.C. § 1692e" (Count Two), and unfair practices in violation of 15 U.S.C. § 1692f[1] (Count Three).

Attached to the Amended Complaint are several exhibits, one of which is the Affidavit of William McCaffrey. (Doc. 12 at 14-19). On October 7, 2013, the defendant filed a "Motion to Dismiss Plaintiffs' Amended Complaint and to Strike

---

[1]  The plaintiffs state that the defendant "violated 1592f Section 808(6)." (Doc. 12 at 8) (emphasis added). However, they clearly meant 1692f, as that is the section which addresses "unfair practices."

3

the Affidavit of William McCaffrey."  (Doc. 13).[2]  Attached to that motion were six exhibits labeled A, B, C, D, E, and F.  (Doc. 13-1).

On October 29, 2013, the plaintiffs filed a document entitled "Answer to the Motion to Dismiss, Petition to Quash and Petition to Strike."  (Doc. 16).  Although not designated as a motion in the court's CM/ECF system, document 16 actually "petitions" the court to "quash" the Motion to Strike the Affidavit of William McCaffrey.  (Doc. 16 at 8-10).  It also petitions the court to strike Exhibit F attached to the defendant's motion to dismiss.  (Doc. 16 at 10-13).

On November 8, 2013, the defendant filed a reply brief in support of his motion to dismiss with five exhibits, designated A, B, C, D, and E, attached.  (Doc. 17; doc 17-1).  Exhibits A, B, C, and D (doc. 17-1 at 2-21) are the same exhibits contained in Exhibit F to document 13 (doc. 13-1 at 16-31).

On November 15, 2013, the plaintiffs filed a "Petition for Judicial Notice of Undisputed Facts and Plaintiff[s'] Petition to Strike the Defendant's Latest Reply Brief and the Attached Exhibits A, B, C, and D."  (Doc. 18).  On January 2, 2014, the defendant filed a "Notice of Additional Service of Exhibits to Defendant's Reply to

---

[2]  On October 14, 2013, the defendant filed an "Amended Certificate of Service" for document 13, and stated that "the Certificate of Service [for document 13] only indicated that the Motion would be served electronically via the CM/ECF system [and since] [t]he [p]laintiffs' are pro se [they] likely would not receive service only through CM/ECF."  (Doc. 14 at 1).  Document 14 stated that the defendant would send a copy of document 13 to the plaintiffs via overnight mail.

the Plaintiff[s'] Response to Defendant's Motion to Dismiss and Response to the Plaintiffs' Petition to Strike." (Doc. 19). On January 24, 2014, the plaintiffs moved to strike document 19. (Doc. 21).

## II.   MATTERS OUTSIDE THE PLEADINGS

### A.   The Exhibits Attached to the Defendant's Motion To Dismiss Do Not Convert It to a Motion for Summary Judgment

The defendant attaches exhibits to his motion. "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also, Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) ("The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."). However,

> the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, "undisputed" means that the authenticity of the document is not challenged. *Id.* Our prior decisions also make clear that a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement[.]

*Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Attached to the defendant's motion to dismiss are six (6) exhibits labeled A,

B, C, D, E, and F.  (Doc. 13-1). The court will address each in turn,

1.    *Exhibits A, B, C, and E*

Exhibits A, B, C, and E are also attached to the Amended Complaint.  (Doc. 12 at 10-12).[3]  They are referenced in the Amended Complaint (doc. 12 at 1, 2, 3), and are the basis for some of the plaintiffs' claims.  The documents are therefore central to those claims.  No party disputes the authenticity of these documents.  They may be considered without converting the motion.

2.    *Exhibit D*

Exhibit D to the motion to dismiss is a February 1, 2013, letter from Bank of America, which is a non-party.  It is provided as evidence that the debt was verified by Bank of America.  (Doc. 13 at 4).  As no claims for failure to verify remain, this document is not central to any of the plaintiffs' <u>current</u> claims, and it is not relevant to the instant motion.  Exhibit D will be  **EXCLUDED**, and the motion will not be converted to a motion for summary judgment as a result of that document being attached.

3.    *Exhibit F; the Plaintiffs' Petition to Strike Exhibit F Attached to the Defendant's Motion to Dismiss  (Doc. 16 at 10-13);  and the Plaintiffs' Petition for Judicial Notice of Undisputed Facts and Plaintiffs' Petition to Strike the Defendant's Latest Reply Brief and the Attached Exhibits A, B, C, and D (Doc. 18)*

---

[3]  The Amended Complaint only attaches the first page of Exhibit B.

Exhibit F to the motion purports to be a Mortgage, executed on December 20, 2004, by: 1) the plaintiffs; 2) Mortgage Electronic Registration Systems, Inc. ("MERS"), the mortgagee; and 3) Countrywide Home Loans, Inc. ("Countrywide"), the lender.  (Doc. 13-1 at 16-27).  Also attached is a document which purports to be a Note, also executed by the plaintiffs on December 20, 2004.  (Doc. 13-1 at 30-31). Exhibit F also includes a document dated March 2, 2010, which purports to be an "Assignment of Mortgage" by MERS, "acting solely as nominee for Lender," of the plaintiffs' mortgage to BAC Home Loans Servicing, Inc.  (Doc. 13-1 at 28).  Finally, Exhibit F includes a purported "Corrective Assignment of Mortgage," dated November 14, 2012, which changes the name of the assignee to Bank of America, N.A. (Doc. 13-1 at 29).  As noted above, these same documents comprise Exhibit A, B, C, and D to the defendant's reply to the motion to dismiss.  (Doc. 17; doc. 17-1 at 2-21).

The plaintiff moves to strike Exhibit F stating that it "contain[s] an uncertified, un-sworn[,] and un-authenticated copy of a purported note, mortgage[,] and assignment.  These alleged copies were not properly introduced into the record by affirmation as true and correct copies."  (Doc. 16 at 11).  Further, the plaintiffs state that these documents are "inadmissible hearsay."  (Doc. 16 at 13).  In support of their

argument, the plaintiffs include a block quote from *Coleman v. BAC Servicing*, 104 So. 3d 195, 202-03 (Ala. Civ. App. 2012), *cert. denied* (Sept. 7, 2012), which deals whether evidence submitted on a <u>summary judgment motion</u> complied with Rule 56(e) of the <u>Alabama</u> Rules of Civil Procedure.  That rule states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

ALA. R. CIV. P. 56(e).   The plaintiffs' also provide similar block quotes from *Allred v. Shirley*, 598 So. 2d 1347, 1348 (Ala. 1992) (appeal from a <u>summary judgment</u> in favor of the defendant), and *Alabama Power Co. v. Tatum*, 293 Ala. 500, 508, 306 So. 2d 251, 258 (1975) (whether trial Court erred in admitting documents <u>at trial</u>).

Of course, the <u>Alabama</u> Rules of Civil Procedure do not apply in federal court. However, Rule 56(c)(4) of the <u>Federal</u> Rules of Civil Procedure contains the following similar provision: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).  The Eleventh Circuit Court of Appeals has held:

> To be admissible in support of or in opposition to a motion for summary judgment, <u>a document must be authenticated by and attached to an affidavit</u> that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.

*Saunders v. Emory Healthcare, Inc.*, 360 F. App'x 110, 113 (11th Cir. 2010) (*emphasis added*) (citing 10 A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 2722, at 382-84 (3d ed.1998)) ("Because the exhibits were not properly authenticated, the district court was not required to consider them in opposition to Emory's motion for summary judgment."). In this case, the documents in Exhibit F to document 13 (doc. 13-1 at 16-31) and Exhibits A, B, C, and D to document 17 (doc. 17-1 at 2-21) are not authenticated. Accordingly, if the motion is converted to a motion for summary judgment, they cannot be considered.

Of course, the instant motion is not a motion for summary judgment governed by Rule 56 of the Federal Rules of Civil Procedure. It is a motion to dismiss governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, the plaintiffs' motions to strike are challenges to the authenticity of these documents.[4] They therefore are not "undisputed." If the motion remains a motion to dismiss, the

---

[4] The motions do <u>not</u> state that the documents are <u>not</u> authentic. They take no position on their authenticity. Still, the motions are fairly construed to be a challenge to the authenticity of the documents, especially as the plaintiffs are proceeding *pro se*.

documents must be excluded.  If the court converts the motion to a motion for summary judgment, they must be stricken because they are not authenticated.  Either way, the documents will not be considered at this time.  The plaintiffs' petition to strike Exhibit F (doc. 16 at 10-13) will be **GRANTED**.  The plaintiffs' "Petition for Judicial Notice of Undisputed Facts and Plaintiff[s'] Petition to Strike the Defendant's Latest Reply Brief and the Attached Exhibits A, B, C, and D" (doc. 18), will be **GRANTED** to the extent it seeks to strike exhibits A, B, C, and D to document 17.  It will be **DENIED** in all other respects.[5]

### B.   The Defendant's Motion To Strike the McCaffrey Affidavit (Doc. 13); The Plaintiffs' Petition To Quash the Motion To Strike the Affidavit of William McCaffrey (Doc. 16 at 8-10)

The McCaffrey affidavit[6] poses a different problem which the parties have not

---

[5]  The motion also asks the court to take judicial notice of all "undisputed facts presented herein."  (Doc. 18 at 13).  To the extent that facts stated therein are indeed "undisputed," they will be considered by this court as such.  There is no need to "judicially notice" them.  Further, the motion provides no valid grounds for its request that the court strike the defendant's reply brief.

[6]  The affidavit was not attached to the original complaint.  It made its appearance as an attachment to the amended complaint after the court's order of  August 23, 2014, which stated in part:

> [E]ven though not contained in the [False and Misleading Representation] count itself, the complaint alleges elsewhere that the defendant "falsely represented to the [plaintiffs] that his client had standing to foreclose therefore using false and misleading practices in an attempt to collect a purported debt." (Doc. 1 at 3). Such actions might fall under 15 U.S.C. § 1692e which specifically prohibits "[t]he threat to take any action that cannot legally be taken," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to

addressed–whether consideration of the affidavit, attached to the complaint, requires the court to convert the motion.[7]  "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).  That "necessarily includes Rule 12(b)(6) motions."  *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 n. 7 (11th Cir. 2006).  However, affidavits are not typically the types of written instruments considered to be part of the complaint. As has been noted:

> obtain information concerning a consumer." 15 U.S.C. § 1692e(5), (10). However, the plaintiffs provide no factual support in their complaint for why the defendant could not legally foreclose.  Any claim based on this conduct is due to be dismissed. However, the court will allow the plaintiffs to amend their complaint to state, if they can, facts which support this claim.

(Doc. 11 at 16-17).  The court also wrote:

> The complaint alleges a violation of [the Act's prohibition against unfair practices] by the defendant . . . threatening foreclosure when the defendant had no standing to do so. (Doc. 1 ¶¶ 41-43). Again, however, no facts are alleged which support such a claim. Any claim based upon this portion of the Act will be dismissed with leave to amend.

(Doc. 11 at 18).

---

[7]  The defendant's motion to strike attacks the affidavit only on the issue of whether it is "admissible."  (Doc. 13 at 6).  The parties do not discuss whether the affidavit may be considered as part of a motion to dismiss, as opposed to part of a converted motion for summary judgment. While this may seem to be a distinction without a difference, it is not.  Rule 56 of the Federal Rules of Civil Procedure, which governs affidavits submitted on motions for summary judgment, requires that "[a]n affidavit or declaration used to support or oppose a motion must . . . set out facts that would be admissible in evidence [.]"  Rule 12(b)(6), which governs motions to dismiss, has no such requirement.  Accordingly, the issue of conversion bears on the motion to strike.  Further, if the motion is not converted, and the affidavit is still considered, the facts stated in the affidavit should be taken as true.

[a] "written instrument" within the meaning of Rule 10(c) "is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement." *Murphy v. Cadillac Rubber & Plastics, Inc.,* 946 F.Supp. 1108, 1115 (W.D.N.Y.1996) (citing *Black's Law Dictionary* 801, 1612 (6th ed.1990)). The documents that satisfy this definition "consist largely of documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based[.]" *Rose v. Bartle,* 871 F.2d 331, 339 n. 3 (3d Cir.1989) (internal quotations and alteration omitted).

*DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1220 (S.D. Cal. 2001) (emphasis added).

Complicating the matter further is the fact that the McCaffrey affidavit is not made by a party or fact witness to the case.  It is an expert affidavit. On its face, the affidavit states that McCaffrey offers his "observations, analysis, opinions, and testimony."  (Doc. 12 at 14) (emphasis added).  He states that he has "personal knowledge and experience in the topic area," and discusses his "personal experience."  (Doc. 12 at 14-15).  He also states where he has been "qualified to testify," and where he has "served as an Expert Witness."  (Doc. 12 at 15).  He identifies the property which was the subject of the foreclosure, identifies facts which pertain to the disposition of the mortgage and note after its execution, and then states that his "research" reveals, among other things: that Bank of America cannot foreclose on the property (doc. 12 at 16-17); that Bank of America is not a holder in due course on the

loan (doc. 12 at 17); that Bank of America has suffered no financial loss because of the loan (doc. 12 at 17); and that Bank of America does not possess legal standing to foreclose (doc. 12 at 18).

The court has found no case where the Eleventh Circuit has addressed whether an <u>affidavit,</u> attached to the complaint, and containing facts and expert conclusions, meets the definition of a "written instrument" under Rule 10(c). However, this very issue has been addressed very persuasively by the Fifth Circuit in *Fin. Acquisition Partners LP v. Blackwell ("Blackwell")*, 440 F.3d 278, 285-86 (5th Cir. 2006), a securities fraud case. The facts of that case, as set out by the district court, are as follows:

> Deloitte filed a motion to strike the affidavit of Mr. Victor C. Moore, whom Plaintiffs have retained as an expert in connection with this litigation. Plaintiffs attached [to their Second Amended Complaint] an affidavit authored by Mr. Moore in which he gives his opinion that Deloitte violated generally accepted accounting principles ("GAAP") by failing to represent that AMRESCO's 10-K for the year ending December 31, 2000 misrepresented the value of its assets and by failing to issue a "going concern" qualification regarding AMRESCO's viability as a corporation in its audit opinion of AMRESCO's financial statements. Deloitte argues that Mr. Moore's affidavit improperly brings in matters outside the four corners of Plaintiffs' Second Amended Complaint, while Plaintiffs argue that the affidavit is properly included with the pleading under Federal Rule of Civil Procedure 10c), which allows a party to attach a "written instrument" to a pleading. FED.R.CIV.P. 10c).

*Fin. Acquisition Partners, LP v. Blackwell*, CIV.A.3:02-CV-1586-K, 2004 WL

2203253 at *4 (N.D. Tex. Sept. 29, 2004) *aff'd,* 440 F.3d 278 (5th Cir. 2006)

(Kinkeade, J.).  The district court wrote:

> In another securities fraud case, *DeMarco v. Depotech Corporation,* 149 F.Supp.2d 1212 (S.D.Cal.2001), the court held that it had to disregard the affidavit of an expert in considering the defendant's motion to dismiss because considering the opinion of an expert included in an affidavit on a motion to dismiss forces a district court to confront a "myriad of complex evidentiary issues not generally capable of resolution at the summary judgment stage." *Id.* at 1221. That court stated that considering the expert affidavit would put the court in the position of essentially considering a motion for summary judgment, which is improper at the motion to dismiss stage of a securities fraud case. *Id.* However, despite striking the affidavit, the court did say that a plaintiff could include an expert's "nonconclusory assertions within specific paragraphs in the complaint." *Id.* at 1222.

*Blackwell*, 2004 WL 2203253 at * 4.  The district court found the *DeMarco* rationale

persuasive, and granted the motion to strike only

> insofar as the Court will not consider any conclusions reached by Mr. Moore in making its decision on the Defendants' motions to dismiss. However, the Court DENIES Deloitte's motion to the extent it seeks an order striking those nonconclusory, factual portions of Mr. Moore's affidavit found in Plaintiffs' Second Amended Complaint.

*Id.* at *5.  The Fifth Circuit affirmed, citing with approval the above quoted language

from the *DeMarco* opinion.  *Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006).[8]

---

[8]  In a later unpublished opinion, the Fifth Circuit, in *Malik v. Cont'l Airlines Inc.*, 305 F. App'x 165, 166 n. 2 (5th Cir. 2008) stated that "[w]e properly consider the [plaintiff's] affidavit [attached to the complaint] in ruling on [the] motion to dismiss for failure to state a claim."  In doing so, it took as true the facts alleged therein.  *Malik*, 305 Fed. Appx. at 166 ("In her second amended complaint and attached affidavit, Malik alleges the following facts which we must take as true in ruling on Continental's motion to dismiss for failure to state a claim.") (footnote

The court is persuaded by these district court and Fifth Circuit opinions. Although *Blackwell* and *DeMarco* were securities fraud cases, the rationale for the decisions in each was not based upon that fact. Indeed, in nearly all cases, including this one, considering expert <u>opinions</u> at the pleading stage is inappropriate.

The motion to strike will be **GRANTED** as to all <u>opinions</u> stated in the affidavit. It will be **DENIED** as to <u>factual statements</u> contained therein. In accordance with, and subject to the guidelines set out by *Twombly* and *Iqbal,*[9] non-conclusory factual averments in the affidavit will be taken as true for purposes of the court's ruling on the motion to dismiss. The plaintiff's Petition to Quash the Motion to Strike the Affidavit of William McCaffrey (doc. 16 at 8-10) will be **DENIED**.

## III.   THE PLAINTIFFS' "PETITION TO STRIKE THE DEFENDANT'S LATEST PLEADING ENTITLED 'NOTICE OF ADDITIONAL SERVICE OF EXHIBITS TO DEFENDANT'S REPLY TO PLAINTIFF[S'] RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND RESPONSE TO THE PLAINTIFF[S'] PETITION TO STRIKE'" (DOC. 21)

---

omitted). *Malik* does not overrule *Blackwell*. First, in the Fifth Circuit, "[u]npublished opinions issued on or after January 1, 1996, are not precedent." 5th Cir. R. 47.5.4. Further, *Malik*'s later panel could not overrule the prior panel decision in *Blackwell*. *See, F.D.I.C. v. Abraham*, 137 F.3d 264, 268 (5th Cir. 1998) ("[O]ne panel of this court cannot disregard, much less overrule, the decision of a prior panel."). Further, *Malik* is distinguishable as the affidavit in *Malik* was a fact affidavit, not an expert affidavit filled with opinions and conclusions like the one in *Blackwell*. Both cases actually agree that the proper procedure is always to adopt <u>facts</u> stated in affidavits attached to the complaint.

[9] Discussed at section IV, *infra*.

In this motion, the plaintiffs seek to strike document 19, which is the defendant's "Notice of Additional Service of Exhibits to Defendant's Reply to the Plaintiff's Response to Defendant's Motion to Dismiss and Response to the Plaintiffs' Petition to Strike."  In document 19, the defendant states that when he filed document 17, his reply to the motion to dismiss, he attached five exhibits labeled A, B, C, D, and E. (Doc. 19 at 1).  The defendant notes that the plaintiffs, in their motion to strike exhibits A, B, C, and D (doc. 18), state that "Mr. Saag failed to attach a copy of the purported documents that he is referencing as Exhibit[s] A, B, C, or D to his Reply Pleading."  (Doc. 19 at 2) (quoting doc. 18 at 11).  Saag states that although he believes that he served the documents on the plaintiffs with the copy of the reply brief, he sent them again after they said that they did not receive them.  (Doc. 19 at 2).  He also argues that the plaintiffs suffered no prejudice as a result of the alleged omission.  (Doc. 19 at 2-3).

The plaintiffs argue that this document should be stricken because it mistakenly states that the reason the plaintiffs have tried to strike the documents is because they were not initially served on them.  (Doc. 21 at 1).  They also reargue their other reasons that the documents should be stricken.  (Doc. 21 at 1-7).  This motion will be **DENIED**.  The court sees the defendant's filing as merely a notice that the documents were sent to the plaintiffs at some point.  Further, whether the document states the

correct grounds for the motions to strike or not, the court can, and has, discerned for itself the basis for, and legitimacy of, the motions.

## IV. THE MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (DOC. 13)

### A. <u>Standard of Review</u>

The defendant moves to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "[A] court should only grant a motion to dismiss [under Rule 12(b)(6)] where the defendant demonstrates that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). "Moreover, when ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts [and reasonable inferences drawn from those facts] as true." *Id.* (emphasis added). A court looks to the facts alleged in the plaintiff's complaint, and not its merely conclusory statements, when ruling on a motion to dismiss. Thus, to survive a motion to dismiss for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007)

(quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

**B.    <u>Allegations in the Complaint</u>**

On January 24, 2013, the defendant sent the plaintiffs a letter, the full text of which reads:

> RE:    NOTICE OF ACCELERATION OF PROMISSORY NOTE AND MORTGAGE
>
> YOU ARE HEREBY NOTIFIED that the terms of the Promissory Note and Mortgage for the above referenced loan dated the 20th day of December, 2004, are in default.  By virtue of default in the terms of said Note and Mortgage, Bank of America, N.A., hereby accelerates to maturity the entire remaining unpaid balance of the debt, including attorney's fees, accrued interest, and other lawful charges. The amount due and payable as of the date of this letter is **$43,533.46**. This payoff amount will change on a daily basis. If you wish to pay off your mortgage, please call our office at (205) 930-5200 to obtain an updated figure. Additionally, if you are interested in foreclosure alternatives, please contact your servicer, Bank of America at 1-800-699-6650.
>
> We are at this time commencing foreclosure under the terms of the Mortgage, and enclosed is a copy of the foreclosure notice. Please note that the foreclosure sale is scheduled for February 28, 2013. For further information regarding this matter, please call (205) 930-5200.
>
> If you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt. Our client has a security interest in the property and

will only exercise its rights as against the property.

We will assume this debt to be valid unless it is disputed within thirty days after you receive this letter. If you do dispute this debt or any portion thereof, we will obtain and mail you a verification of the debt or a copy of any judgment if you send us a written request within this thirty-day period. Also, upon written request within this thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor. This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

(Doc. 12 at 10) (emphasis in original).  The amended complaint alleges that the letter violated 15 U.S.C. § 1692g by "overshadowing" the plaintiffs' "right to dispute the debt or request the name and address of the original creditor."  (Doc. 12 at 2).  The plaintiffs state that after they received this letter they "were left confused as to whether they actually had 30 days in which to dispute the debt. [They] were left with the impression that they [sic] would be of no avail to dispute the purported debt as foreclosure had already begun."  (Doc. 12 at 2).

Upon receipt of the defendant's letter, the plaintiffs mailed an undated "Notice of Impending Injury From Andy Sagg Notice of Liability" to the defendant.  (Doc. 12 at 2, 11; doc. 13-1 at 4-7).  In that notice, the plaintiffs requested verification of the debt owed.  (Doc. 12 at 2).  In a January 31, 2013, letter responding to the plaintiffs, the defendant wrote:

Re:    Property Address: 370 Gamble Road, Horton, AL 35980

> Our Client: Bank of America, N.A.
> Loan Number: 83658532

> This letter is to acknowledge receipt of your letter received in my office on January 29, 2013, disputing the above-referenced debt. I have forwarded a copy of your letter to Bank of America for its review. Please note that we have ceased foreclosure proceedings until written debt verification is provided to you.

> Please do not hesitate to contact my office at (205) 930-5200 should you have any questions.

> This communication is from a debt collector.

(Doc. 12 at 12).  On February 25, 2013, the defendant again wrote the plaintiffs

stating:

> The terms of the Promissory Note and Mortgage loan with Bank of America, N.A. are currently in default. Due to the default in the terms of the Note and Mortgage, we have been instructed to foreclose the property described in the enclosed revised publication notice.

> The foreclosure sale is scheduled for March 28, 2013. If you are interested in foreclosure alternatives, please contact your servicer, Bank of America at 1-800-669-6650.

> For further information regarding this matter, please contact our office at (205) 930-5200.

> If you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt. Our client has a security interest in the property and will only exercise its rights as against the property.

> This communication is from a debt collector.

(Doc. 12 at 13).

The amended complaint states that the defendant "falsely represented to the Brothers [sic] that his client had standing to foreclose therefore using false and misleading practices in an attempt to collect a purported debt." (Doc. 12 at 3). The plaintiffs also claim that the defendant "has not produced proper documentation demonstrating that his client possessed an original obligation at the time of foreclosure and therefore did not have authority to claim a security interest in the [plaintiffs'] property." (Doc. 12 at 5).

The plaintiffs allege that the defendant "was attempting to take an action based upon a false security interest in the [plaintiffs'] property therefore [the defendant] has threatened to take action that 'legally cannot be taken' by his client." (Doc. 12 at 6). The amended complaint also alleges that the defendant "represented to the [plaintiffs] that [Bank of America] held a security interest in [the plaintiffs'] property when in fact no such agreement was possessed by his client." (Doc. 12 at 6).

The following <u>facts</u> appear in the McCaffrey affidavit and are taken as true <u>for the purposes of this motion</u>:

> The subject property: 370 GAMBLE ROAD HORTON, AL 35980 was secured in favor of COUNTRYWIDE HOME LOANS INC. DECEMBER 20, 2004.  The corresponding Mortgage has a Mortgage Identification Number ("MIN") of 1001337-0000256507-8.

[T]he loan has been securitized which is the process of aggregating a large number of Notes in what is called a mortgage pool and then selling security interests in that pool of mortgages to investors. These sales have fractionalized possession of the Note over many different investors.

The subject NOTE or Loan of said property was bundled with many other loans, sold to investors and ultimately placed into a COUNTRYWIDE RESECURITIZATIONS COUNTRYWIDE TRUST ("CWT08034") referred to as the ISSUING ENTITY and formed pursuant to the Trust Agreement among the Seller, Depositor, Servicer, the Trust Oversight Manager and the Trustee.  HERE, the Depositor is CWALT SECURITIES and the Trust has a closing date of March 25, 2008.

The Trust is also a REAL ESTATE MORTGAGE INVESTMENT CONDUIT (REMIC) within the meaning of 860D of the Internal Revenue Code as amended in 1986 (The Code), which governs the rules of the subject trust.  BANK OF AMERICA Acts as current servicer of the mortgage loans and BANK OF NEW YORK MELLON acts as Trustee of the Trust on behalf of the investors.

(Doc. 12 at 16) (capitalization in original).

## C.   **Analysis**

### 1.   *Count One – Overshadowing*

The plaintiffs argue that the defendant committed a violation of the FDCPA's provisions against "overshadowing" in his January 24, 2013, letter.  (Doc. 12 at 7).

To understand "overshadowing," one must understand the FDCPA's validation notice requirements.  The FDCPA statute provides, in pertinent part:

Within five days after the initial communication with a consumer in

connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28 U.S.C. § 1692g(a) (emphasis in original).  "Paragraphs 3 through 5 of section 1692g(a) contain the validation notice—the statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353-54 (3d Cir. 2000).  Collection activities and communications may continue during the 30-day period referenced above, but such activities "may not <u>overshadow</u> or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the

original creditor."  15 U.S.C. § 1692g(b) (emphasis added).

"Courts in the Eleventh Circuit use the 'least sophisticated consumer' standard when analyzing overshadowing claims.  As a general matter, language is overshadowing if it would make the least sophisticated consumer uncertain as to his or her rights."  *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 323 F. Supp. 2d 1344, 1349 (N.D. Ga. 2003) *aff'd*, 374 F.3d 1011 (11th Cir. 2004) *(citing Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175–76 (11th Cir.1985), and *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir.1996));[10] *see also, Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) ("A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights.").  "[T]he determination of whether language overshadows the validation notice is a question of law."  *Shimek*, 323 F. Supp. 2d at 1349.

The amended complaint states that the letter "confused [the plaintiffs] and overshadowed their right to dispute the debt." (Doc. 12 at 7).[11]  Importantly, however,

---

[10]  The Eleventh Circuit stated held the district court's decision was "affirmed based on the well-reasoned order of the district court."  *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 374 F.3d 1011, 1013 (11th Cir. 2004).

[11]  Attached to the plaintiff's response to the motion to dismiss are the affidavits of the plaintiffs.  (Doc. 16 at 21-24).  In the affidavits, each plaintiff states that they "concluded that if we dispute the debt, we will be required to make full and immediate payment, be forced out of our home, and in order to regain possession bring suit.  This conclusion, in my opinion, makes as much sense as Mr. Saag's letter."  (Doc. 16 at 22, 24).  Because this is a motion to dismiss, these documents have been **EXCLUDED**, and have not been considered by the court.

> " 'The least sophisticated consumer' can be presumed to possess a
> rudimentary amount of information about the world and a willingness
> to read a collection notice with some care." *Clomon,* 988 F.2d at 1319.
> However, the test has an objective component in that "[w]hile protecting
> naive consumers, the standard also prevents liability for bizarre or
> idiosyncratic interpretations of collection notices by preserving a
> quotient of reasonableness ...." *Nat'l Fin. Servs., Inc.,* 98 F.3d at 136
> (citing *Clomon,* 988 F.2d at 1319); *Barany–Snyder v. Weiner,* 539 F.3d
> 327, 333 (6th Cir.2008) ("least-sophisticated consumer" standard is an
> objective test); *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85
> (2nd Cir.2008) (same).

*LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193-94 (11th Cir. 2010).

Everything required by 28 U.S.C. § 1692g(a) appears in the letter of January
24, 2013. (Doc. 13-1 at 2). The language is set off in its own paragraph at the end
of the letter. Nothing anywhere else in the letter expressly conflicts with the
information required to be provided by paragraphs 3 through 5 of section 1692g(a).

Still, in the amended complaint, the plaintiffs set out the following language
of the letter in their overshadowing claim:

> Bank of America, N.A., hereby accelerates to maturity the entire
> remaining unpaid balance of the debt, including attorney's fees, accrued
> interest, and other lawful charges.

> We are at this time commencing foreclosure under the terms of the
> Mortgage, and enclosed is a copy of the foreclosure notice.

> We will assume this debt to be valid unless it is disputed within thirty
> days after you receive this letter.

(Doc. 12 at 7) (quoting doc. 12 at 10). The court assumes that the plaintiffs are

claiming that the first two sentences somehow overshadow the third, since the last sentence is <u>required</u> by the statute to appear in the letter.  28 U.S.C. § 1692g(a)(3).

The first two sentences merely give the plaintiffs notice that collection procedures will continue.  This is not a violation of the statute, nor is it inconsistent with the plaintiffs' rights.  *See, Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 416 (7th Cir. 2005) (noting that the validation period "is not a grace period: a debt collector is 'perfectly free' to demand payment and pursue collection efforts, including an appropriate lawsuit against the debtor, within the validation period."). "The mere fact, then, that the collection letter mentions actions that will be taken within those 30 days does not mean the letter is necessarily confusing."  *Omaraie v. A. Alliance Collection Agency, Inc.*, 06 C 1727, 2007 WL 2409794 at *4 (N.D. Ill. Aug. 21, 2007).  Instead, "[c]ourts have generally found contradiction or apparent contradiction of the printed § 1692g notice where payment is demanded in a concrete period <u>shorter than</u> the 30–day statutory contest period."  *Peter v. GC Servs. L.P.*, 310 F.3d 344, 349 (5th Cir. 2002) (emphasis added).  There is nothing in defendant's statements indicating the necessity of, or requiring action by, the plaintiffs earlier than 30 days.  There is no overshadowing.  Count One will be **DISMISSED**.

> ## 2. *Counts Two and Three – False and Misleading Misrepresentation; Unfair Practices*

In these counts the plaintiffs allege that the defendant falsely and unfairly alleged that his client had a security interest in the property and standing to foreclose. (Doc. 12 at 7-8).  The defendant moves to dismiss these counts stating:

> BANA is the owner and holder of a mortgage and note with regard to the Plaintiffs' property. A copy of the Mortgage, Assignment of Mortgage, and Promissory Note are attached as Exhibit F.
>
> 30. As BANA's attorney, Mr. Saag had a right to seek possession of the property claimed as collateral through an enforceable security interest represented by the Mortgage and Promissory Note, both of which were provided to the Plaintiffs when they received the debt verification letter of February 1, 2013 from BANA. *See Speleos v. BAC Home Loans Servicing, L.P.*, 824 F. Supp. 2d 226, 233 (D. Mass. 2011) (holding that where BAC Home Loan Servicing's right to foreclose was established by the original loan documents, its attorney did not violate the FDCPA by filing a foreclosure action against the homeowners after a default).  Moreover, Mr. Saag did not make any misrepresentations regarding BANA's security interest in the Plaintiffs' property because BANA in fact holds a security interest in the Plaintiffs' property.  It is axiomatic that a representation cannot be a misrepresentation if it is true.
>
> 31.   More importantly, the Plaintiffs have not alleged any admissible facts that support the notion that BANA did not have an enforceable security interest. Both Count 2 and Count 3 rely heavily on the information contained in the Affidavit of William McCaffrey, but none of the information contained in McCaffrey's affidavit is admissible. Even if the Affidavit were admissible, McCaffrey's conclusory and unsupported statements do not change the fact that BANA holds an enforceable Promissory Note and Mortgage. For those reasons, the Plaintiffs' Counts 1 and 2 are due to be dismissed.

(Doc. 13 at 11-12).

As noted above, the documents contained in Exhibit F to the motion to dismiss

will be stricken.  Despite the defendant's claim that the same documents were attached to the original letter found on page 11 of document 13-1 (the February 1, 2013, validation letter from Bank of America), they are not attached to that document in the record.[12]  Accordingly, there is no document which the court may consider at this stage which shows that the defendant was accurately representing his client's right to enforce a security interest against the plaintiff's property.

As to the argument that McCaffrey's affidavit is "inadmissible," the court has already noted that it will strike the conclusions therein, while allowing the factual statements.  The defendant makes no further attack on the plausibility of the counts except to state that McCaffrey's affidavit "do[es] not change the fact that BANA holds an enforceable Promissory Note and Mortgage." (Doc. 13 at 12).  However, since the proof of that argument will be excluded, it also fails.

V.   **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED, ADJUDGED**, and **DECREED** as follows:

1.   The defendant's "Motion to Dismiss Plaintiffs' Amended Complaint (doc. 13) is **GRANTED** as to Count One, and **DENIED** in all other

---

[12]  Further, the court has already held that the letter will be excluded.  *See supra* section II.A.2.

respects.  Count One of the Amended Complaint is **DISMISSED**;

2.　　The defendant's Motion to Strike the Affidavit of William McCaffrey (doc. 13) is **GRANTED** as to all conclusions stated in the affidavit. Those statements are **STRICKEN**.  The motion is otherwise **DENIED**;

3.　　The plaintiffs' petition to "Quash the Motion to Strike the Affidavit of William McCaffrey"  (doc. 16 at 8-10) is **DENIED**;

4.　　The plaintiffs' petition to strike Exhibit F attached to the defendant's motion to dismiss  (doc. 16 at 10-13) is **GRANTED**.  Exhibit F is **STRICKEN**;

5.　　The plaintiffs' "Petition for Judicial Notice of Undisputed Facts and Plaintiff[s'] Petition to Strike the Defendant's Latest Reply Brief and the Attached Exhibits A, B, C, and D" (doc. 18) is **GRANTED** to the extent that it seeks to strike Exhibits A, B, C, and D to document 17 (doc. 17-1 at 2-21).  Those Exhibits are **STRICKEN**.  The motion is **DENIED** in all other respects; and

6.　　The plaintiffs' "Petition to Strike the Defendant's Latest Pleading Entitled 'Notice of Additional Service of Exhibits to Defendant's Reply to Plaintiff[s'] Response to Defendant's Motion to Dismiss and Response to the Plaintiff[s'] Petition to Strike'" (doc. 21) is **DENIED**.

29

**DONE** and **ORDERED** this 4th day of March, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge