IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| PASCHAL PAUL AND SHARON J. STARGELL BROTHERS, ) ) ) Plaintiffs, ) ) v. ) ) ANDY SAAG, ) ) Defendant. ) | Case No.: 4:13-CV-466-VEH |

## MEMORANDUM OPINION

This is a civil action filed by the *pro se* plaintiffs, Paschal Paul Brothers, and Sharon J. Stargell Brothers, alleging that the defendant, Andy Saag, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., in his communications with the plaintiffs. The surviving counts[1] in the Amended Complaint allege false and misleading misrepresentations "in violation of 15 U.S.C. § 1692e" (Count Two), and unfair practices in violation of 15 U.S.C. § 1692f (Count Three).

The case comes before the court on the defendant's motion for summary judgment. (Doc. 31). For the reasons stated herein, the motion will be **GRANTED**, and this case will be **DISMISSED with prejudice**.

---

[1] In an order dated March 4, 2014, this court dismissed the plaintiff's "overshadowing" claims set out in Count One. (Doc. 23).

## I.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (internal quotation marks and citation omitted). The party requesting summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings in answering the movant. *Id.* at 324. By its own affidavits – or by the depositions, answers to interrogatories, and admissions on file – it must designate specific facts showing that there is a genuine issue for trial. *Id.*

The underlying substantive law identifies which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor

of the non-movant. *Chapman*, 229 F.3d at 1023. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the evidence presented by the non-movant to rebut the moving party's evidence is merely colorable, or is not significantly probative, summary judgment may still be granted. *Id.* at 249.

How the movant may satisfy its initial evidentiary burden depends on whether that party bears the burden of proof on the given legal issues at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). If the movant bears the burden of proof on the given issue or issues at trial, then it can only meet its burden on summary judgment by presenting *affirmative* evidence showing the absence of a genuine issue of material fact – that is, facts that would entitle it to a directed verdict if not controverted at trial. *Id.* (citation omitted). Once the moving party makes such an affirmative showing, the burden shifts to the non-moving party to produce "significant, probative *evidence* demonstrating the existence of a triable issue of fact." *Id.* (citation omitted) (emphasis added).

For issues on which the movant does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. *Id.* at 1115-16.

First, the movant may simply show that there is an absence of evidence to support the non-movant's case on the particular issue at hand. *Id.* at 1116. In such an instance, the non-movant must rebut by either (1) showing that the record in fact contains supporting evidence sufficient to withstand a directed verdict motion, or (2) proffering evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Id.* at 1116-17. When responding, the non-movant may no longer rest on mere allegations; instead, it must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343, 358 (1996). The second method a movant in this position may use to discharge its burden is to provide affirmative *evidence* demonstrating that the non-moving party will be unable to prove its case at trial. *Fitzpatrick*, 2 F.3d at 1116. When this occurs, the non-movant must rebut by offering *evidence* sufficient to withstand a directed verdict at trial on the material fact sought to be negated. *Id.*

## II.   FACTS

### A.   Facts Deemed To Be Admitted

The following facts are deemed to be admitted as they were set out in the movant's initial brief, and have not been disputed:[2]

---

[2] On October 2, 2014, after the instant motion was filed, the court entered an order which in part stated:

1.     On December 20, 2004, Countrywide Home Loans, Inc. ("Countrywide") loaned the [p]laintiffs $47,500.00 (the "Loan"). In exchange, the [p]laintiffs executed a promissory note (the "Note").

2.     As security for the indebtedness represented by the Note, the [p]laintiffs executed a Mortgage (the "Mortgage"). The Mortgage created a lien on certain real property located at 2370 Gamble Road, Horton, Alabama 35980 (the "Property").

3.     The current owner of the Note is Federal National Mortgage Association. Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP ("Bank of America"), has serviced the Loan since December 27, 2004.

4.     An assignment of mortgage was executed on or around March 2, 2010, which assigned the Mortgage to BAC Home Loans Servicing, Inc. (the "Assignment of Mortgage"). On or around November 14, 2012, a

---

The purpose of this order is to notify the plaintiffs of their right to file affidavits or other materials in opposition to the motion and to notify the plaintiffs of the consequences of default. It does not change any of the requirements of Appendix II to the court's Uniform Initial Order (doc. 4 at 14), which was previously entered in this case. The plaintiffs are notified that, in responding to the motion for summary judgment, they must comply with ALL of the requirements of Appendix II[.]

(Doc. 34 at 1-2). Appendix II provides:

The first section [of the non-moving party's brief in opposition to the motion for summary judgment] must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts. The non-moving party's response to the moving party's claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*

(Doc. 4 at 17) (italics in original).

Corrective Assignment of Mortgage (the "Corrective Assignment of Mortgage") was executed for purpose of correcting the assignee name on the Assignment of Mortgage.

5.     Based on certain defaults under the Mortgage and Note by the [p]laintiffs, Bank of America referred the Loan to foreclosure and retained the law firm of Sirote & Permutt P.C. to facilitate the foreclosure.

6.     The [d]efendant Andy Saag is an attorney at Sirote & Permutt, P.C. A significant portion of Mr. Saag's practice involves mortgage foreclosures conducted pursuant to Alabama law. Mr. Saag has been handling mortgage foreclosures for over five years.

7.     In that capacity, Mr. Saag was tasked with the responsibility of handling the foreclosure of the Property on behalf of Bank of America. As part of the foreclosure referral, Mr. Saag was given the Note, Mortgage, and the Assignment of Mortgage by Bank of America. Mr. Saag also drafted for execution the Corrective Assignment of Mortgage.

8.     In order to foreclose the Mortgage on behalf of Bank of America, Mr. Saag drafted and sent several letters to the [p]laintiffs (the "Letters").

9.     Specifically, Mr. Saag sent a "Notice of Acceleration of Promissory Note and Mortgage" letter to the [p]laintiffs on January 24, 2013. The January 24 letter was sent in order to provide the [p]laintiffs with certain required notices as a prerequisite to foreclosure of the Mortgage.

10.    Mr. Saag also sent a letter dated January 31, 2013[,] to the [p]laintiffs which acknowledged receipt of a January 29, 2013[,] letter from the [p]laintiffs in which the [p]laintiffs disputed the Mortgage debt. In the January 31 letter, Mr. Saag explained to the [p]laintiffs that foreclosure proceedings would cease until written verification of the debt was provided to the [p]laintiffs.

11. After Mr. Saag received notice from Bank of America that verification of the debt was provided to the [p]laintiffs, he sent a letter to the [p]laintiffs notifying them that foreclosure proceedings would resume. The letter also made reference to a revised publication notice.

12. Mr. Saag sent the Letters to the [p]laintiffs "purely for the purposes of (1) foreclosing the Mortgage pursuant to its terms and in line with Alabama law on behalf of Bank of America, and (2) complying with any other relevant laws." [(Doc. 33-2 at 5, ¶11).]

13. Mr. Saag "relied upon [his] experience as an attorney with mortgage foreclosures, the loan documents provided to [him] by Bank of America, and Bank of America's foreclosure referral in determining that Bank of America had standing to foreclose on the Mortgage." [(Doc. 33-2 at 5, ¶12).]

14. On April 3, 2013, the Property was sold to Federal National Mortgage Association pursuant to a non-judicial foreclosure sale in Marshall County, Alabama.

(Doc. 32 at 1-5).

The defendant represents to the court that:

15. On July 31, 2014, Mr. Saag served written discovery requests upon the [p]laintiffs. The requests were emailed to the [p]laintiffs with an explanatory letter, and were placed in the mail to the Property address.

16. Mr. Saag's written discovery requests contained Requests for Admissions. For ease of reference, they are reproduced here:

    a. Admit that you signed [the Mortgage] . . ..

    b. Admit that you signed [the Note] . . ..

    c. Admit that you signed [the Mortgage] . . . in order to obtain

      a home loan.

    d.    Admit that you signed [the Note] . . . in order to obtain a home loan.

    e.    Admit that after you signed [the Mortgage and the Note], you obtained a home loan.

    f.    Admit that you can read, write, and understand the English language.

    g.    Admit that you read [the Mortgage] . . . prior to signing it.

    h.    Admit that you read [the Note] . . . prior to signing it.

    I.    Admit that you have never spoken to Mr. Saag personally, whether on the phone or in person.

    j.    Admit that other than the documents attached as Exhibit A, Exhibit C, and Exhibit D to your Amended Complaint (Doc. 12), you received no other correspondence from Mr. Saag prior to this lawsuit.

17.    Mr. Saag never received a response to the written discovery requests.

(Doc. 32 at 5-7). These additional facts are deemed to be admitted.[3]

---

[3] Rule 36 (a)(3) provides that when a party is served with a request for admission, "[the] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). Based on the representations in the defendant's motion for summary judgment, the court deems the facts labeled a. - j. to be admitted.

B.     **Attachments to the Complaint**[4]

Attached to the Amended Complaint as Exhibit A is a January 24, 2013, letter, from the defendant to the plaintiffs, the full text of which reads:

> RE:  NOTICE OF ACCELERATION OF PROMISSORY NOTE AND MORTGAGE
>
> YOU ARE HEREBY NOTIFIED that the terms of the Promissory Note and Mortgage for the above referenced loan dated the 20th day of December, 2004, are in default. By virtue of default in the terms of said Note and Mortgage, Bank of America, N.A., hereby accelerates to maturity the entire remaining unpaid balance of the debt, including attorney's fees, accrued interest, and other lawful charges. The amount due and payable as of the date of this letter is **$43,533.46**. This payoff amount will change on a daily basis. If you wish to pay off your mortgage, please call our office at (205) 930-5200 to obtain an updated figure. Additionally, if you are interested in foreclosure alternatives, please contact your servicer, Bank of America at 1-800-699-6650.
>
> We are at this time commencing foreclosure under the terms of the Mortgage, and enclosed is a copy of the foreclosure notice. Please note that the foreclosure sale is scheduled for February 28, 2013. For further information regarding this matter, please call (205) 930-5200.
>
> If you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt. Our client has a security interest in the property and will only exercise its rights as against the property.
>
> We will assume this debt to be valid unless it is disputed within thirty days after you receive this letter. If you do dispute this debt or any portion thereof, we will obtain and mail you a verification of the debt or

---

[4] The authenticity and contents of these attachments are not in dispute.  No objection to their consideration has been made.

a copy of any judgment if you send us a written request within this thirty-day period. Also, upon written request within this thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor. This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

(Doc. 12 at 10) (emphasis in original).

Exhibit B to the Amended Complaint is an undated "Notice of Impending Injury From Andy Sagg Notice of Liability" to the defendant. (Doc. 12 at 2, 11; doc. 13-1 at 4-7). In that notice, the plaintiffs requested verification of the debt owed. (Doc. 12 at 2).

Exhibit C to the Amended Complaint is a January 31, 2013, letter responding to the plaintiffs, where the defendant wrote:

> Re:   Property Address: 370 Gamble Road, Horton, AL 35980
>       Our Client: Bank of America, N.A.
>       Loan Number: 83658532
>
> This letter is to acknowledge receipt of your letter received in my office on January 29, 2013, disputing the above-referenced debt. I have forwarded a copy of your letter to Bank of America for its review. Please note that we have ceased foreclosure proceedings until written debt verification is provided to you.
>
> Please do not hesitate to contact my office at (205) 930-5200 should you have any questions.
>
> This communication is from a debt collector.

(Doc. 12 at 12).

On February 25, 2013, the defendant again wrote the plaintiffs,[5] stating:

> The terms of the Promissory Note and Mortgage loan with Bank of America, N.A. are currently in default. Due to the default in the terms of the Note and Mortgage, we have been instructed to foreclose the property described in the enclosed revised publication notice.
>
> The foreclosure sale is scheduled for March 28, 2013. If you are interested in foreclosure alternatives, please contact your servicer, Bank of America at 1-800-669-6650.
>
> For further information regarding this matter, please contact our office at (205) 930-5200.
>
> If you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt. Our client has a security interest in the property and will only exercise its rights as against the property.
>
> This communication is from a debt collector.

(Doc. 12 at 13). This letter is attached to the Amended Complaint as Exhibit D.

### C.   The Affidavit of William McCaffrey

The following facts appear in the McCaffrey affidavit attached to the Amended Complaint:

> The subject property: 370 GAMBLE ROADHORTON, AL 35980 was secured in favor of COUNTRYWIDE HOME LOANS INC. DECEMBER 20, 2004. The corresponding Mortgage has a Mortgage Identification Number ("MIN") of 1001337-0000256507-8.

---

[5] The defendant says in his affidavit that he wrote them again only after receiving notice that verification of the debt had been provided. (Doc. 33-2 at 5). The plaintiffs do not claim that his contact in this new letter violated the law, only that the representations contained therein do.

> [T]he loan has been securitized which is the process of aggregating a large number of Notes in what is called a mortgage pool and then selling security interests in that pool of mortgages to investors. These sales have fractionalized possession of the Note over many different investors.
>
> The subject NOTE or Loan of said property was bundled with many other loans, sold to investors and ultimately placed into a COUNTRYWIDE RESECURITIZATIONS COUNTRYWIDE TRUST ("CWT08034") referred to as the ISSUING ENTITY and formed pursuant to the Trust Agreement among the Seller, Depositor, Servicer, the Trust Oversight Manager and the Trustee. HERE, the Depositor is CWALT SECURITIES and the Trust has a closing date of March 25, 2008.
>
> The Trust is also a REAL ESTATE MORTGAGE INVESTMENT CONDUIT (REMIC) within the meaning of 860D of the Internal Revenue Code as amended in 1986 (The Code), which governs the rules of the subject trust. BANK OF AMERICA Acts as current servicer of the mortgage loans and BANK OF NEW YORK MELLON acts as Trustee of the Trust on behalf of the investors.

(Doc. 12 at 16) (capitalization in original).

Further, McCaffrey offers several expert opinions.[6] He identifies the property which was the subject of the foreclosure, identifies facts which pertain to the disposition of the mortgage and note after its execution, and then states that his "research" reveals, among other things: that Bank of America cannot foreclose on the

---

[6] At the motion dismiss stage, the court refused to consider these opinions. (*See* doc, 23 at 15 ("The motion to strike will be **GRANTED** as to all opinions stated in the affidavit. It will be **DENIED** as to factual statements contained therein.") (emphasis in original). The defendant challenges these opinions again at the summary judgment stage. The court will not address that challenge in light of its ultimate holding.

property (doc. 12 at 16-17); that Bank of America is not a holder in due course on the loan (doc. 12 at 17); that Bank of America has suffered no financial loss because of the loan (doc. 12 at 17); and that Bank of America does not possess legal standing to foreclose (doc. 12 at 18).

### III. ANALYSIS

As stated previously, the complaint alleges false and misleading misrepresentations "in violation of 15 U.S.C. § 1692e" (Count Two). The statute provides, in pertinent part, that

> [a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (2) The false representation of–
> (A) the character, amount, or legal status of any debt . . . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C.A. § 1692e.

In the plaintiffs' response to the motion for summary judgment, they rely primarily on the McCaffrey affidavit's conclusions that the "securitization" of the Note eliminated Bank of America's right to foreclose.[7] The plaintiffs argue:

---

[7] The court will not address any arguments in the plaintiffs' brief relating to "overshadowing," as that claim has been dismissed.

> In accord with the plain language of Alabama Code 35-10a-2, Country Wide Home Loans as the transferor of the Brothers' purported note and mortgage to the REMIC Trust CWT 08034 lost any right, title or interest in the note and mortgage purportedly signed by Paschal Paul and Sharon Jane Brothers. Therefore Country Wide Home Loans did not have any authority whatsoever after the securitization transaction to transfer, assign or convey any rights, title or interest in the purported note and mortgage to Bank of America or Federal National Mortgage Association. Without this authority Country Wide Home Loans, Bank of America and/or Federal National Mortgage lacked proof of claim and/or standing to hold a foreclosure sale and convey any rights, title or interest in Brothers' property.

(Doc. 35 at 2).[8] They then argue that:

> – "[The defendant's] client had no immediate right to foreclose[,] therefore Mr. Saag's written assertions that his client possessed standing to initiate foreclosure were false and misrepresenting statements" in violation of 15 U.S.C. § 1692e. (Doc. 35 at 4, 5).[9]

> – "Mr. Saag threatened to take non judicial action to dispossess the [plaintiffs] of their property when his client had no immediate right to possession." (Doc. 35 at 5).

> – "Mr. Saag furthered the fraud committed upon the [plaintiffs] by initiating an action that his client had no authority to take." (Doc. 35 at 5).

---

[8] The court had previously stated that it would consider court documents 38 and 39 as the plaintiffs' response to the motion for summary judgment. (Doc. 41 at 2). However, document 35 includes substantially the same arguments as those other two documents. Accordingly, for the sake of brevity, the court will cite only to document 35.

[9] The court notes that the plaintiffs also write that "Mr. Saag represented to the Brothers in his 1/24/2013 letter that his client had a security interest in the Brothers['] property." (Doc. 35 at 4). The defendant considers this a separate claim of misrepresentation. (Doc. 32 at 9). In the context of the plaintiffs' argument, it is clear that this statement is merely another way of saying the defendant's client had no right to foreclose.

> – "Mr. Saag threatened to take non judicial action to dispossess the [plaintiffs] of their property without authority to do so and that he made false and misleading statements in respect to who lawfully owns the purported debt." (Doc. 35 at 6).

In response, the defendant goes to great lengths to demonstrate that his client did have the authority to foreclose, and moves to strike the opinions and facts stated in the McCaffrey affidavit.

The burden is on the <u>plaintiffs</u> to show that, because Saag's client had no right to foreclose, Saag's statements that his client <u>would</u> foreclose violated the FDCPA. Despite all of their arguments, at the end of the day it is undisputed that a foreclosure sale took place on March 28, 2013 (doc. 33-3), and a foreclosure deed dated April 3, 2013, appears in the record (doc. 33-3). The plaintiffs have presented <u>no</u> evidence showing that the sale has been found to be void, was set aside, or was even challenged.[10] Since the only evidence before the court reflects a valid foreclosure sale conducted on behalf of Bank of America, the defendant's representations to the plaintiffs that his client had the right to foreclose were true, and there was no violation of the FDCPA.

The Amended Complaint also contains a claim for unfair practices in violation

---

[10] Further, the foreclosure has not been attacked in this case, and the parties to the foreclosure are not parties in this case. Under these circumstances, it would be inappropriate to collaterally review the foreclosure.

of 15 U.S.C. § 1692f (Count Three). That statute prohibits a debt collector from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if– . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). That count fails for the same reasons Count Two fails.

## IV.   CONCLUSION

For the reasons stated herein, the defendant's motion for summary judgment will be **GRANTED**, and this case will be **DISMISSED with prejudice**.

**DONE** and **ORDERED** this 19th day of December, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge